147 So. 648

## MANN v. STATE.
### 8 Div. 809.

Court of Appeals of Alabama.
April 11, 1933.

Raymond Murphy, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, Judge.

Appellant's industrious and resourceful counsel, who has filed an elaborate brief on this appeal, would have us believe there are novel, at least intricate, questions involved. But we are not persuaded.

The case appears one of the simplest—depending for its issue on merely a disputed question of fact.

It only seems necessary for us to state that there was ample evidence to warrant the question of appellant's guilt vel non being submitted to the jury; that their verdict was adequately sustained by the same; and that no exception reserved on the taking of testimony was to a ruling that was prejudicially erroneous, or that seems worthy of comment, here.

The oral charge of the court, in connection with the written charges given at appellant's request, fully, accurately, and completely covered the applicable principles of law. There was therefore no error in refusing to give other written charges. Code 1923, § 9509.

The judgment is affirmed.

Affirmed.

147 So. 651

### FORD v. STATE.
### 4 Div. 977.

Court of Appeals of Alabama.
April 11, 1933.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

The evidence in this case was without dispute or conflict. It consisted of the testimony of two state witnesses; the sheriff of the county and his deputy. The defendant offered no testimony, and at the conclusion of the state's case requested the affirmative charge upon the theory that the state had failed to make out a case against defendant. This charge was refused by the court and this action of the court presents the only question for decision on this appeal.

The testimony discloses, at the time and place in question the officers found a complete still of large capacity. The still was warm and had fire coals in the furnace; and nearby, there was a 65-gallon barrel of whisky and also two 10-gallon kegs of whisky, making a total of 85 gallons in all. Three men, one of whom was this appellant, were present near the still, which had just been run, and this defendant had a bucket of whisky in his hands which he dropped upon the ground when the sheriff commanded them to "halt." This defendant and the two other men ran away and escaped, when the officers made their presence known. The evidence shows he was arrested some time later. The conditions disclosed by the undisputed evidence which, as stated, tended to show that this appellant, in the nighttime, was at the still with a large quantity of whisky, and that he was carrying, or had in his hand a bucket full of whisky which he dropped and then ran away when the officers approached, coupled with other evidence of like import, made a jury question and rendered inapt the affirmative charge requested. This charge was refused without error. No error appearing the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.